IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. MICHAEL TRIPLETT, Defendant. | Case No. 13-cr-00446 Judge Mary M. Rowland |

**MEMORANDUM OPINION AND ORDER**

Defendant Michael Triplett seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). [165]. For the following reasons, this Court denies Defendant's motion.

**I. Background**

On May 23, 2013, a grand jury returned a multi-count indictment charging Triplett with possession of narcotics and felon in possession of a firearm. [1]. On March 25, 2015, a superseding indictment charged Triplett with possession of heroin and cocaine in violation of 21 U.S.C. § 841(a)(1) (Count 1); felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and 924(e)(1) (Count 2); and possession of a firearm with intent to distribute a controlled substance, in violation of 21 U.S.C. § 924(c)(1)(A) (Count 3). [66]. On August 14, 2018, Triplett pled guilty as to Counts 2 and 3 of the superseding indictment. [134]. The Court sentenced Triplett to 180 months on Count 1 and 60 months on Count 2, to run consecutively, and remanded

him into custody. [152]. *Id.* The Seventh Circuit later affirmed Triplett's conviction. *United States v. Triplett*, No. 19-1336, (7th Cir. 2020).

On June 2, 2023, Triplett moved for a sentence reduction under the First Step Act. [165]. He contends that complications in his health after entering custody are an extraordinary circumstance that warrants a sentence reduction. *Id.* The Government opposes Triplett's motion, arguing that Triplett has not fully exhausted his administrative remedies, and that the Bureau of Prisons affords him adequate healthcare, such that he can maintain "his ability to provide self-care within the correctional environment." [168].

## II. Standard of Review

Under 18 U.S.C. § 3582(c)(1)(A), this Court may grant a defendant's motion to reduce his term of imprisonment after the defendant "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after 30 days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.*

Once a defendant has exhausted his administrative remedies, the Court's consideration of a motion for compassionate release proceeds in two steps. *United States v. Peoples*, 41 F.4th 837, 840 (7th Cir. 2022). First, the defendant must identify an extraordinary and compelling reason warranting a sentence reduction. *Id.*; *United States v. Thacker*, 4 F.4th 569, 573 (7th Cir. 2021). Defendants bear the burden of demonstrating "extraordinary and compelling reasons." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021). If this Court finds such reasons exist, it must then

2

weigh any applicable sentencing factors in 18 U.S.C. § 3553(a) to determine whether to reduce a sentence. *Peoples*, F.4th at 840; *United States v. Sarno*, 37 F.4th 1249, 1253 (7th Cir. 2022).

District courts use sentencing guidelines promulgated by the U.S. Sentencing Commission to direct an analysis of extraordinary and compelling reasons. *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020). On April 27, 2023, the U.S. Sentencing Commission submitted proposed amendments to Section 1B1.3 of the guidelines, updating its policy statement to cover prisoner-initiated motions for compassionate release. U.S. Sentencing Comm'n, *Adopted Amendments (Effective November 1, 2023)*, https://www.ussc.gov/sites/default/files/pdf/amendment-process/official-text-amendments/202305_Amendments.pdf. The amendments went into effect on November 1, 2023, *id.*, before the Court decided Triplett's motion. The Court thus considers the amended guidelines in assessing whether Triplett demonstrates extraordinary and compelling reasons for a sentence reduction.

### III. Triplett Has Not Exhausted His Administrative Rights

The parties dispute whether Triplett has exhausted the remedies available to him. Triplett avows that he "submitted a request in the inmate mail system" to the warden on March 3, 2023, and that "no response has been received." [165] at 2. The Government rebuts that "[Triplett] did not attach a copy and BOP representatives report that they are unable to find a copy of this request." [168] at 8.

The exhaustion requirement, while not a jurisdictional rule, is a "mandatory claim-processing rule." *United States v. Sanford*, 8986 F.3d 779, 782 (7th Cir. 2021).

Ergo, a district court "may not modify a term of imprisonment" unless the defendant has complied with the exhaustion requirement and forwarded his request to the warden. *Id.* (quoting § 3582(c)(1)(A)).

The exhaustion requirement is only satisfied after the "*receipt* of such a request by the warden of the defendant's facility." 3582(c)(1)(A) (emphasis added). Here, the warden cannot confirm receipt of Triplett's request, and the Government properly raised this issue in its response, *cf. Gunn*, 980 F.3d at 1179. The Court thus may not act to reduce Triplett's sentence.

### IV. Triplett Does Not Establish "Extraordinary and Compelling Reasons"

Even if Triplett had satisfied the exhaustion requirement, he does not present extraordinary and compelling circumstances that justify his early release. Triplett suffers from Type II diabetes with neuropathy, hypertension, obesity, and other related diseases. Triplett contends that he is not being treated appropriately by prison staff, faces a higher risk of contracting COVID-19, and is left without "the ability . . . to provide self-care within the environment of a correctional facility" [165] (quoting U.S.S.G. § 1B1.13 cmt. n.1(A)). The Government responds that Triplett receives regular, adequate medical care and that his three doses of the COVID vaccine mitigate the risk of infection. [168].

The previous version of the sentencing guidelines defined "extraordinary and compelling reasons" to include terminal illnesses or "serious physical or medical conditions . . . that substantially diminish[] the ability of the defendant to provide

4

self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13(b)(1)(A)-(B). The 2023 amendments expand qualifying conditions to include: "a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death," and a defendant's "personal health risk factors and custodial status" that increase risk of "severe medical complications or death" resulting from an outbreak of infectious disease or a declared public health emergency at a particular facility." *Id.* § 1B1.13(b)(1)(C)-(D).

Triplett, though suffering from admittedly serious and debilitating health conditions, cannot demonstrate extraordinary and compelling reasons because he does not establish that his healthcare is inadequate. Triplett does not point to specific deficiencies in the care and treatment he receives. Instead, he challenges general staff shortages and "lingering issues related to the pandemic." [165] at 13. A compassionate release motion "is not the right vehicle" to challenge conditions of confinement. *United States v. Miller*, No. 21-1600, 2022 WL 2187555, at *1 (7th Cir. June 16, 2022); *see also United States v. Bridgewater*, 995 F.3d 591, 599 (7th Cir. 2021) (observing that federal inmates may challenge "medically unsafe conditions of confinement" by filing a civil suit under the Eighth Amendment), *cert. denied*, 142 S. Ct. 476 (2021). In fact, Triplett's medical records reflect regular, thorough check-ups and prescriptions by medical professionals. [169]. So, while Triplett suffers from serious medical conditions, his treatment does not substantially diminish his ability

5

to provide self-care within the correctional institution, nor does it put him at risk of serious deterioration in health. U.S.S.G. § 1B1.13(b)(1).

Next, Triplett's concerns about COVID do not constitute an extraordinary and compelling circumstance. He has received both doses of the Moderna COVID-19 vaccine and a COVID-19 vaccine booster. [169] at 91. Given the availability of safe and effective vaccines, "prisoners who have access to a vaccine cannot use the risk of COVID-19 to obtain compassionate release unless they can demonstrate that they are medically unable to receive or benefit from the available vaccines." *United States v. Barbee*, 25 F.4th 531, 533 (7th Cir. 2022) (citing *United States v. Ugbah*, 4 4 F.4th 595, 597 (7th Cir. 2021)). Nothing in the record suggests that Triplett is medically unable to benefit from the vaccines, nor that he "is more at risk for an adverse outcome in prison than he would be if released." *Barbee*, 25 F.4th at 533; *see United States v. Jackson*, Nos. 21-3335 & 22-1668, 2022 WL 4244894, at *1 (7th Cir. Sept. 15, 2022) ("Even if immunocompromised individuals might not develop an adequate immune response from vaccination, Jackson still needed to submit evidence suggesting that he is unable to benefit from the vaccine.").

In sum, Triplett does not demonstrate any compelling or extraordinary circumstances that warrant his release under the amended guidelines. For this reason, this Court denies his motion.

## V. Conclusion

For the stated reasons, the Court denies Michael Triplett's motion for compassionate release [165].

E N T E R:

Dated: November 8, 2023

*Mary M Rowland*

MARY M. ROWLAND
United States District Judge